IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY | : | NO. 02-2610 |
| | : | |
| vs. | : | |
| | : | |
| ESTATE OF ABDO ELIAS, Deceased, TONI ABDO ELIAS, CHARBEL ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS | : | |

## ORDER

**AND NOW**, this       day of              , 2002, upon consideration of Plaintiff, Prudential Property & Casualty Insurance Company's Motion for Summary Judgment, and any opposition thereto, it is hereby;

**ORDERED** and **DECREED** that Plaintiff, Prudential Property & Casualty Insurance Company's Motion for Summary Judgment is GRANTED.

BY THE COURT:

_____
                                                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY | : | NO. 02-2610 |
| | : | |
| vs. | : | |
| | : | |
| ESTATE OF ABDO ELIAS, Deceased, TONI ABDO ELIAS, CHARBEL ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS | : | |

**PLAINTIFF, PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY'S
<u>MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)</u>**

**NOW COMES** Plaintiff, Prudential Property & Casualty Insurance Company, by and through its authorized counsel of record, Mayers, Mennies & Sherr, LLP, and moves this Honorable Court to enter Summary Judgment in its favor. In support of this Motion, the Court is respectfully referred to the accompanying Memorandum of Law and Exhibits, as well as the entire record herein.

**MAYERS, MENNIES & SHERR, LLP**

BY: _____
RONALD H. SHERR, ESQUIRE
Attorney for Plaintiff

3031 Walton Road, Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY | : | NO. 02-2610 |
| | : | |
| vs. | : | |
| | : | |
| ESTATE OF ABDO ELIAS, Deceased, TONI ABDO ELIAS, CHARBEL ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS | : | |

**PLAINTIFF, PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)**

**I.      INTRODUCTION**

Plaintiff, Prudential Property & Casualty Insurance Company filed a declaratory judgment action to determine Defendants' coverage rights, if any, under the policy of Defendant, Toni Abdo Elias. Defendants demand coverage under the policy of Defendant, Toni Abdo Elias pursuant to his underinsured motorist benefits, for the death of his father, Abdo Elias. That benefit ensures only to "resident relatives," under certain circumstances. Mr. Abdo Elias, the decedent, was the father of the remaining Defendants, and lived with his wife Defendant, Adibe Elias at 153 West Green Street, Allentown, Pennsylvania.

Plaintiff is entitled to summary judgment since the undisputed material facts of record demonstrate that the decedent, Abdo Elias was not a resident relative of the household of Toni Elias. Accordingly, Plaintiff's Motion for Summary Judgment on its declaratory judgment action must be granted.

3

II. **STATEMENT OF FACTS**

Plaintiff, Prudential Property & Casualty Insurance Company is a corporation duly existing under the laws of the State of Indiana, retaining a corporate office at 23 Main Street, Holmdel, New Jersey, and is licensed to do and does conduct business in the Commonwealth of Pennsylvania.[1] This matter arises out of a claim for underinsured motorist benefits and two automobile insurance policies, written by Plaintiff.

Abdo Elias was fatally injured in an automobile accident that took place on November 29, 2000 on the 100 block of West Tilghman Street, Allentown, Lehigh County, Pennsylvania. Mrs. Adibe Elias is the widow of Abdo Elias. (Exhibit "1", ¶2). Toni, Charbel, Aziz and Pierre are the surviving sons of Abdo Elias. (Exhibit "1", ¶2). The car that struck Abdo Elias was operated by Mervin Maldanado of 1724 S. Hall Street, Allentown, Pennsylvania.[2] At the time of the accident, Mr. Maldanado was insured with Progressive Insurance Company with bodily injury limits of $25,000.00; Progressive has paid the $25,000.00 insurance policy limits to the Estate of Abdo Elias. (Exhibit "2", ¶1(c); Exhibit "3", ¶1(c).

Sometime prior to the fatal accident, the decedent, Abdo Elias purchased a residence located at 153 West Green Street, Allentown, Pennsylvania. (Exhibit "1", ¶15, see also Exhibit "2", ¶1(d) and Exhibit "3", ¶1(d)). Abdo Elias was continuously in that residence from the time of purchase until the time of his death. (Exhibit "1", ¶15; Exhibit "2", ¶1(d)). The widow of Abdo Elias, Adibe Elias resided with him at 153 West Green Street, Allentown, Pennsylvania. (Exhibit "2", ¶1(e); Exhibit "3", ¶1(e). Two of Abdo Elias' sons, Aziz and Pierre Elias also lived with him in the Green Street,

---

[1] A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "1", ¶1.
[2] A true and correct copy of Plaintiff's Request for Admissions under Rule 36 of the Federal Rules of Civil Procedure is attached hereto as Exhibit "2", see Request 1(b); a true and correct copy of Defendants' Response to Plaintiff's Request for Admissions is attached hereto as Exhibit "3"; see Response 1(b).

4

Allentown address.[3]  (Exhibit "1", ¶16).  Moreover, Pierre Elias, resided at 153 West Green Street, Allentown, Pennsylvania since he first came to the United States and continues to live there; Pierre has not lived at any other address since he has been in the United States.  (Exhibit "5", p. 4).

Toni Abdo Elias lives at 210 S. 6th Street, Whitehall, Pennsylvania along with his wife and two children.[4]  Neither Toni's parents, Abdo and Adibe, nor his brother, Pierre have ever lived with him at the 6th Street address.  (Exhibit "6", p. 6).  Neither Abdo Elias nor Adibe Elias owned or operated a motor vehicle.  (Exhibit "2", ¶1(f), Exhibit "3", ¶1(f)).

Aziz Elias was insured with Prudential Property & Casualty Company, Policy Number 281A112156, effective period November 13, 2000 through May 13, 2001, with a listed address of 153 West Green Street, Allentown, Pennsylvania 18102-1915.[5]  The policy covered a 1970 Buick Skylark, with underinsured motorist limits of $50,000.00.  The Declarations Page identifies the named insured as Azia Elias; the only licensed operator resident in the named insured's household is Aziz Elias. (Exhibit "7").

Toni Adbo Elias was insured with Prudential Property & Casualty Company, Policy Number 281A122105, effective period November 22, 2000 through May 22, 2001 with a listed address of 210 6th Street, Whitehall, Pennsylvania, 18025-7106.[6]  The policy covered a 1986 Nissan, a 1997 Mitsubishi and a 1987 Volkswagen with underinsured motorist limits of $300,000.00.  (Exhibit "8"). Moreover, the Declarations Page identifies the named insured as Toni Abdo Elias with the licensed operator resident in his household listed as Toni Elias, Jenan Elias and Pierre Elias.  (Exhibit "8").

---

[3] A true and correct copy of the Statement Under Oath of Aziz Elias is attached hereto as Exhibit "4"; see p.p. 6-7.  A true and correct copy of the Statement Under Oath of Pierre Elias is attached hereto as Exhibit "5"; see p. 4.
[4] A true and correct copy of the Statement Under Oath of Toni Abdo Elias is attached hereto as Exhibit "6"; see pp. 3 and 5.
[5] A true and correct copy of the Declarations Page, Policy No. 281A112156 issued to Aziz Elias is attached hereto as Exhibit "7" along with a policy certification dated 8/30/01 by Natasha Robinson – Brown, a Product Development Analyst for the Prudential Property & Casualty Insurance Company.
[6] A true and correct copy of the Declarations Page of car policy No. 281A122105 issued to Toni Abdo Elias is attached hereto as Exhibit "8", along with a policy certification, dated 8/28/01 by Melissa Jacobson, Product Development Coordinator for the Prudential Property & Casualty Insurance Company.

The coverage afforded by Plaintiff to Aziz Elias and Toni Abdo Elias is identical under each of their policies. Part 5 of both policies defines who is insured when "hit by a motor vehicle," as follows:

> You and a **resident relative** are insured if hit by an underinsured motor vehicle while a pedestrian.[7]

Both policies define household resident as follows:

> A household resident is someone who lives in your household. A household resident includes a resident relative.[8]

Both policies define resident relative as follows:

> A resident relative is someone who lives in your household and is related to you by blood, marriage, adoption or as a ward or a foster child.

(Exhibit "10").

The heirs of Abdo Elias have demanded coverage under both policies and have demanded arbitration pursuant to the policies. At the time of the accident, Aziz Elias was insured with Prudential Property & Casualty Company, Policy Number 281A112156 and had $50,000.00 underinsured motorist benefits, which has in fact been paid to the Estate of Abdo Elias. Plaintiff filed this declaratory judgment action seeking a declaration that Defendants are entitled only to the $50,000.00 in underinsured motorist benefits pursuant to the policy of Aziz Elias. Further, Plaintiff seeks a declaration that Defendants are not entitled to any coverage under the policy of Toni Abdo Elias as defined in the policy since the decedent was not a resident relative of the household of Toni Abdo Elias.

Plaintiff now moves for summary judgment on its Complaint.

---

[7] A true and correct copy of the relevant portion of Part 5 of the policy is attached hereto as Exhibit "9".
[8] A true and correct copy of the definitions portion of the relevant policy is attached hereto as Exhibit "10".

6

## III. ARGUMENT

### A. LEGAL STANDARD

Summary Judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c). However, "(t)he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2511, 91 (1986). A genuine issue of material fact arises only if a reasonable jury could find for the non-moving party on that fact. Id. at 248. The non-movant is not given the benefit of every inference or possibility, but only of every reasonable inference. Spence v. Zimmerman, 873 F.2d 256, 257 (11th Cir. 1989). The non-moving party must offer sufficient evidence such that a reasonable jury could return a verdict in favor of that party. Anderson, 477 U.S. at 248. A scintilla of evidence is insufficient to successfully oppose summary judgment. Anderson, 477 U.S. at 250; Harding v. Fort Wayne Foundry/Pontiac Div., Inc., 919 F. Supp. 1223, 1225 (N.D. Ind. 1996). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted". Anderson, 477 U.S. at 250-51 (citations omitted). Rule 56(c) mandates the entry of Summary Judgment against a party who fails to produce evidence sufficient to establish an essential element of its case, on which he will bear the burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

### B. THE UNDISPUTED MATERIAL FACTS DEMONSTRATE THAT PLAINTIFF, PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY IS ENTITLED TO SUMMARY JUDGMENT ON ITS DECLARATORY JUDGMENT ACTION

"Whether a particular loss is within the coverage of an insurance policy is a question of law, which may be decided on a Motion for Summary Judgment in a declaratory judgment action." Lebanon Coach Co. v. Carolina Casualty Ins., 450 Pa. Super. 1 675 A.2d 279, 283 (1996), appeal

denied, 546 Pa. 695, 687 A.2d 378 (1997).  Such a review necessarily begins with the policy language itself.  Mellon Bank v. National Union Ins. Co., 768 A.2d 865, 869 (Pa. Super. 2001).  An insurance policy must be construed in accordance with its plain, common, and ordinary meaning.  Peerless Dyeing Inc. v. Industrial Risk Insurers, et al., 392 Pa. Super. 434, 573 A.2d 541, 543 (1990).  The Court may not rewrite the terms of a policy or construe it in conflict with the accepted and plain meaning of the language used.  Edelman v. State Farm Mutual Auto Ins. Co., 255 Pa. Super. 116, 123, 386 A.2d 535, 538 (1978) (citation omitted).  Similarly, an insured may not avoid the application of a clear and unambiguous limitation clause in an insurance policy.  Ostroff v. Keystone Ins. Co., 357 Pa. Super. 109, 515 A.2d 584, 591 (1986).  When there is a specific definition within the policy, the definition controls in determining the applicability of a policy.  Peerless, 573 A.2d at 544, citing Great American Ins. Co. v. State Farm Mutual Auto Ins. Co., 412 Pa. 538, 194 A.2d 903 (1963).  It is the duty of a Court to interpret an unambiguous policy provision; a Court must apply the language of the contract as written and cannot rewrite the terms of the policy.  Peerless, 573 A.2d at 544-545.  In this case, summary judgment must be granted on Plaintiff's declaratory judgment action where, as here, the undisputed material facts of record demonstrate that there is absolutely no entitlement to any coverage under the clear and unambiguous language of Toni Abdo Elias' policy.

There is absolutely no dispute as to the interpretation of the policy at issue.  The policy provides a benefit to the named insured and/or a resident relative, if hit by an underinsured motorist vehicle while a pedestrian. (Exhibit "9").  Further, there is absolutely no dispute as to the definition of a resident relative, or to its application in this case. Again, the policy defines a "resident relative" as follows:

> A resident relative is someone who lives in your household and is related to you by blood, marriage, adoption or is a ward or foster child.

(Exhibit "10"). The material facts at issue are undisputed with regard to the facts surrounding the accident, the residency of the decedent and of the insured, Toni Abdo Elias. Again, Abdo Elias was struck by an underinsured motorist vehicle while a pedestrian. At the time of the fatal accident, and at all times relevant hereto, Abdo Elias was a resident relative in the household of Aziz Elias. Abdo Elias, along with his wife and two sons, Aziz and Pierre lived at 153 West Green Street, Allentown, Pennsylvania. At the time of the fatal accident, the decedent's estate was entitled to $50,000.00 in underinsured motorist benefits, pursuant to the policy of Aziz Elias (Exhibit "7"), since Abdo Elias was a resident relative of the household of Aziz Elias. This $50,000.00 underinsured motorist benefit was paid to the Estate of Abdo Elias.

Conversely, at the time of the fatal accident, Abdo Elias was not a resident relative in the household of Toni Elias. This fact is undisputed. Toni Elias testified under oath, at his Statement Under Oath, that his father never lived with him at his home on 6th Street. (Exhibit "6", p. 6). Therefore, there is absolutely no contractual basis, which entitles Defendants' to any coverage under the policy of Toni Abdo Elias, since the decedent was not a resident relative in the household of Toni Abdo Elias. Accordingly, Plaintiff is entitled to summary judgment.

While Pierre Elias owned a Volkswagen, which was listed on the policy of Toni Abdo Elias, Pierre Elias did not live with Toni Abdo Elias at the 6th Street address in Whitehall. In fact, Pierre Elias never lived at that address, but, rather, only lived with his brother Aziz and his father at the Green Street address in Allentown, Pennsylvania. Most importantly, the decedent never lived with Toni Elias. There is testimony that at the time the 1987 Volkswagen was purchased, it was decided to insure Pierre's vehicle on the policy of Toni Abdo Elias because the premium was cheaper than placing it on the policy of his brother, Aziz with whom Pierre lived. (Exhibit "2", ¶1; Exhibit "3", ¶1). In this regard, Toni Abdo Elias testified as follows:

9

> Q. Is there any reason that you know of why you put Pierre's car on your policy rather than on Aziz's policy?
>
> A. I think he came and asked me if I can - - because if he want to get insurance by himself, its going to be expensive on his name, and when Aziz says I want to put him on the policy, but he was paying too much insurance on his policy, too, because he has an accident. That's why he asked me, and I told him, yes, no problem with me.

(Exhibit "6", p. 9). Still, Pierre is not the decedent. His residency is irrelevant for purposes of this action. Pierre is not a named insured on Toni's policy.[9] Again, the decedent never lived in Toni Elias' house. He did not have his own policy of insurance, which he purchased as the named insured. Nonetheless, the fact that Pierre lived with his father, but had his automobile placed on Toni Abdo Elias' insurance policy is completely irrelevant for purposes of the instant coverage analysis. It is undisputed that the decedent Abdo Elias never lived with Toni Abdo Elias. It is undisputed, therefore, that Abdo Elias, the decedent necessarily could not be nor was he ever a resident relative of Toni Abdo Elias. As such, Plaintiff, Prudential Property Casualty Insurance Company is entitled to summary judgment on its declaratory judgment claim against Defendants under the policy of Tony Abdo Elias, Number 281A122105.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff, Prudential Property and Casualty Insurance Company respectfully requests that this Honorable Court grant its Motion for Summary Judgment and declare

---

[9] A true and correct copy of the 1987 Volkswagen registration is attached hereto as Exhibit "11", and identifies the owners of the vehicles as Toni and Pierre Elias.

that the Defendants are not entitled to any coverage under the policy of Toni Abdo Elias, Policy Number 281A122105 as the decedent was not a resident relative of the household of Toni Abdo Elias.

        Respectfully submitted,

        **MAYERS, MENNIES & SHERR, LLP**

BY: _____
        RONALD H. SHERR, ESQUIRE
        Attorney for Plaintiff

        3031 Walton Road, Building A, Suite 330
        P.O. Box 1547
        Blue Bell, PA 19422-0440
        (610) 825-0300
        Fax (610) 825-6555