IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY | : | NO. 02-2610 |
| | : | |
| vs. | : | |
| | : | |
| ESTATE OF ABDO ELIAS, Deceased, TONI ABDO ELIAS, CHARBEL ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS | : | |

**PLAINTIFF, PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)</u>**

### I.  INTRODUCTION

Plaintiff, Prudential Property & Casualty Insurance Company is entitled to summary judgment on its declaratory judgment action to determine Defendants' coverage rights, if any, under the policy of Defendant, Toni Abdo Elias. The undisputed material facts of record demonstrate that the decedent, Abdo Elias was not a "resident relative" of the household of Toni Elias and, as such, not entitled to any benefit under Toni Abdo Elias' policy.

Defendants have now responded to Plaintiff's Motion. Their response clearly demonstrates that Plaintiff is entitled to summary judgment since the decedent never lived in Toni Elias' house. Additionally, Pierre Elias, who co-owned a car with Toni Elias, but resided with his father elsewhere, was only an additional driver on Toni Elias' policy, albeit improperly. Simply, Pierre Elias was not a policyholder or named insured with Prudential. Based on the foregoing, Plaintiff, Prudential Property & Casualty Insurance Company is entitled to summary judgment on its declaratory judgment claim.

II.     ARGUMENT

    A.     **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT SINCE DEFENDANTS HAVE FAILED TO DEMONSTRATE A DISPUTED ISSUE OF MATERIAL FACT**

This case remains, simply, one of contract interpretation and construction. A Court may not rewrite the terms of a policy or construe it in conflict with the accepted and plain meaning of the language used. Edelman v. State Farm Mutual Auto Insurance Co., 255 Pa. Super. 116, 123, 386 A.2d 535, 538 (1978) (citations omitted). Similarly, an insured may not avoid the application of a clear and unambiguous limitation clause in an insurance policy. Ostroff v. Keystone Insurance Co., 357 Pa. Super. 109, 515 A.2d 584, 591 (1986).

In this case, summary judgment must be granted on Plaintiff's declaratory judgment action where, as here, the undisputed material facts of record demonstrate that there is absolutely no entitlement to any coverage under the clear and unambiguous language of Toni Abdo Elias' policy. Again, the policy at issue provides a benefit to the named insured and/or a "resident relative", if hit by an underinsured motorist vehicle while a pedestrian. The material facts at issue are undisputed with regard to the facts surrounding the accident, the residency of the decedent and of the insured, Toni Abdo Elias. The policyholder, Toni Abdo Elias, lived at 210 6th Street, Whitehall, Pennsylvania. It is undisputed that the decedent, Abdo Elias lived at 153 West Green Street, Allentown, Pennsylvania. At the time of his fatal accident, Abdo Elias was not a resident relative in the household of Toni Elias. Defendant admits that, "… at no time did the decedent live at 210 6th Street, Whitehall, PA." (See Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment – p. 3, ¶15). Defendant further admits that, "… at no time did Pierre Elias live at 210 6th Street, Whitehall, PA." Since Defendants seek to recover under the policy of Toni Abdo Elias, Policy No. 281A122105, and since it is undisputed that the decedent, Abdo Elias was never a resident in the household of Toni Elias, there

simply is no contractual basis, which entitles Defendants to any coverage under the policy of Toni Abdo Elias.  Accordingly, Plaintiff is entitled to summary judgment on its declaratory judgment claim.

Defendants seek to recover under Toni Elias' policy purportedly since Toni Elias added a car to his automobile policy, which was co-owned by his brother, Pierre.  Although Pierre was named as an additional driver, Pierre did not live with Toni Elias.  At all times, Pierre lived with his father in Allentown, PA.  This is undisputed.  Plaintiff admits that, "… at no time did Pierre Elias live at 210 6th Street, Whitehall, PA."  (See Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment – p. 3, ¶16).  Nonetheless, the fact that Pierre lived with his father, but had his automobile placed on Toni Abdo Elias' insurance policy is completely irrelevant for purposes of the instant coverage analysis.  Again, Pierre is not the policyholder, nor is he a named insured on Toni Elias' policy.  The decedent never lived in Toni Elias' house.  Based on the foregoing, Plaintiff is entitled to summary judgment on its declaratory judgment claim.

Defendants attempt to create a disputed issue of fact with regard to whether the Prudential agent who added the additional car to Toni Elias' policy knew that Pierre did not reside with Toni Abdo Elias.  Apparently, Defendants contend that the Prudential agent, Najeeb Hanna should have placed the automobile on Aziz Elias' policy, since both Pierre and Aziz resided together with the decedent in Allentown.  However, the facts demonstrate that Toni Abdo Elias requested Prudential to add a vehicle and an additional driver to his existing policy.[1]

The Certificate of Title lists Toni Abdo Elias and Pierre Elias as registered owners with an address of 210 6th Street, Whitehall, Pennsylvania.  Mr. Hanna testified that he asked Toni Elias whether his brother lived with him and was advised that he did.  (See Defendants' Exhibit C, pp. 11-

---

[1] See Exhibit "C" attached to Defendants' Answer to Plaintiff's Motion for Summary Judgment, Deposition Testimony of Najeeb Hanna, p. 11.

3

12).  Defendants admit that the agent reviewed the registration card, but apparently object that, "… the agent accepted the registration card as proof of where the co-owner lived instead of making full inquiry."  (See Defendants' Brief in Opposition, p. 8).  Defendants admit that, "… the 1987 Volkswagen Golf [the additional vehicle added to Toni Elias' policy] was placed in the joint names of Pierre Elias and Toni Abdo Elias so that the vehicle could be placed on the automobile insurance policy of Toni Abdo Elias."  (See Defendants' Brief in Opposition - p. 2, ¶9).  Further, Defendants state:

> At the time the 1987 Volkswagen was purchased, it was decided to insure that vehicle on the policy of Toni Abdo Elias, Policy No. 281A122105, because the premium was cheaper than placing it on the policy of his [Pierre's] brother, Aziz, with whom he lived, because Aziz's premium was increased since he had an accident the year before.

(Defendants' Brief in Opposition – p. 3, ¶14).  These admitted and undisputed facts demonstrate that the additional vehicle was co-owned by Toni and Pierre Elias.  Further, Defendants represented to the agents that Pierre resided with Toni Elias.  Accordingly, the additional vehicle, a 1987 Volkswagen Golf, was added to Toni Elias' existing policy, and Pierre Elias was added as an additional driver per Toni Elias' request.  The record facts in this regard are not disputed.

Nonetheless, these facts are irrelevant to the instant coverage dispute.  Pierre Elias was neither a named insured on Toni Elias' policy, nor a policyholder with Prudential.  The fact that Pierre co-owned a vehicle with his brother, Toni Elias and insured it under Toni Elias' policy instead of where he actually resided is irrelevant.  Defendants knew that the automobile was insured under Toni Elias' policy.  They had both copies of the declaration pages and the relevant policy.  If there was any mistake with regard to the coverage, they should have notified the Plaintiff/Company.  However, there was no mistake with regard to the placement of the insurance for the additional Volkswagen vehicle as

the Defendants' admitted facts and the testimony of Toni Abdo Elias demonstrate. (See Exhibit "6", p. 9).

Again, Pierre's residence is irrelevant for purposes of this coverage analysis. Toni Abdo Elias was a co-owner of the automobile, which was placed on his insurance policy as an additional vehicle. The decedent never lived in Toni Elias' house. The policy provides a benefit to the named insured and/or a resident relative. Since the decedent did not live with Toni Abdo Elias, there is absolutely no contractual basis for any recovery in this action. This is undisputed. As such, Plaintiff, Prudential Property & Casualty Insurance Company is entitled to summary judgment on its declaratory judgment claim against Defendants under the policy of Toni Abdo Elias, Policy No. 281A122105.

## III.    CONCLUSION

Based on the foregoing, Plaintiff, Prudential Property & Casualty Insurance Company respectfully requests that this Honorable Court grant its Motion for Summary Judgment and declare that the Defendants are not entitled to any coverage under the policy of Toni Abdo Elias, Policy No. 281A122105 as the decedent was not a resident relative of the household of Toni Abdo Elias.

Respectfully submitted,

**MAYERS, MENNIES & SHERR, LLP**


BY: _____
RONALD H. SHERR, ESQUIRE
Attorney for Plaintiff

3031 Walton Road, Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY | : | NO. 02-2610 |
| vs. | : | |
| ESTATE OF ABDO ELIAS, Deceased, TONI ABDO ELIAS, CHARBEL ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS | : | |

**CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that on the 11th day of October, 2002, a true and correct copy of Plaintiff, Prudential Property & Casualty Insurance Company's Reply Memorandum of Law in Support of its Motion for Summary Judgment was served via first class, regular mail, postage prepaid upon the following:

Richard J. Orloski, Esquire
**Orloski, Hinga, Pandaleon & Orloski**

111 N. Cedar Crest Blvd.
Allentown, PA 18104-4602

**MAYERS, MENNIES & SHERR, LLP**

BY: _____
RONALD H. SHERR, ESQUIRE
Attorney for Plaintiff

3031 Walton Road, Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555