**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY | : : : | NO. 02-2610 |
| vs. | : : | |
| ESTATE OF ABDO ELIAS, Deceased, TONI ABDO ELIAS, CHARBEL ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS | : : : : | |

**PLAINTIFF'S REPLY TO DEFENDANTS SUPPLEMENTAL BRIEF**

I. **INTRODUCTION**

Plaintiff, Prudential Property & Casualty Insurance Company remains entitled to summary judgment on its declaratory judgment action, since the undisputed material facts of record demonstrate that the decedent, Abdo Elias, was not a resident relative of the household of Toni Elias.

Defendants have now filed a Supplemental Brief in opposition to Plaintiff's Motion for Summary Judgment. Their response demonstrates that Plaintiff is still entitled to summary judgment. Defendants' response is based on the fallacious premise that Defendant, Pierre purchased insurance from Prudential such that he was a policyholder or a named insured. The undisputed material facts of record demonstrate that Pierre was at most a licensed driver resident in Toni's household. This fact does not make Pierre a named insured or a policyholder, as Defendants suggest. The instant coverage dispute is properly analyzed from the perspective of the policyholder or named insured. Pierre's residence remains irrelevant to the instant coverage dispute. Since the decedent did not live with Toni Elias, there is absolutely no contractual basis for any recovery in this action. Accordingly, Prudential Property & Casualty Insurance Company is

entitled to summary judgment on its declaratory judgment claim against defendants under the policy of Toni Abdo Elias, policy number 281A122105.

II. **ARGUMENT**

Defendants' basic premise is totally incorrect. Pierre is not a Prudential policyholder and he is not a named insured. While it is admitted that the decedent Abdo Elias lived with his two sons, Aziz Elias and Pierre Elias, at 153 West Green Street, Allentown, PA, it is specifically denied by Prudential that Pierre purchased a policy of insurance from Prudential. The facts of record do not demonstrate that Pierre purchased a policy and defendants have not adduced evidence to the contrary. Moreover, the facts of record further demonstrate that Pierre did not intend to purchase his own policy.

It is admitted that Pierre Elias purchased a 1987 Volkswagen Golf with his own funds about a month or two after he moved in with his parents (at the Green Street address) (See Exhibit "5", p. 11, attached to Plaintiff's Original Motion for Summary Judgment). It is further admitted that he took title to the car in his name and the name of his brother Toni because his brother Aziz, with whom he lived, had higher insurance premiums because of a previous accident in which Aziz had been involved. (See Exhibit "5", p. 13). Pierre placed the aforesaid vehicle on the insurance policy of Toni. (See Exhibit "5", p 14).

Toni Elias testified that the Volkswagen was registered in his name along with Pierre's name, so that the car could be placed on Toni's insurance policy. (See Exhibit "6", p. 9, attached to Plaintiff's original Motion for Summary Judgment). Toni Elias testified that Pierre could not get his own insurance policy because it would have been too expensive. Toni further testified that it would have been too expensive to put the car on Aziz's policy because Aziz had a previous accident. As such, Toni agreed that Pierre could put the car on his policy (See Exhibit "6", p. 9).

The Prudential Agent, Najeeb Hanna, when adding Pierre and his Volkswagen to the policy of Toni Elias, testified that he received a telephone call from Toni, for whom he had previously written life insurance, requesting that he (Najeeb) add Pierre and his Volkswagen to

2

Toni's automobile insurance. Najeeb asked Toni to send him proof that he owned the vehicle and Toni showed him the title to the Volkswagen, which indicated that the Volkswagen was jointly owned, by Toni and Pierre with the listed address as Toni's at 210 S. 6th Street, Whitehall, PA. (See Exhibit "C", pp. 11-13, attached to Defendants' Answer to Plaintiff's Motion for Summary Judgment).

The basis of the defendants' argument is that the agent Najeeb Hanna knew, when he added the Volkswagen to Toni's policy that Pierre did not live with Toni. That fact, although denied by Najeeb, is immaterial because Pierre never purchased a policy and was never a policyholder. The testimony is clear, that in order to save money, Pierre and his Volkswagen were added to Toni's policy and Toni paid the premiums to Prudential (albeit, Pierre reimbursed Toni). The mere fact that Pierre was listed as an additional driver on Toni's policy does not make Pierre a "named insured" where the Declaration sheet clearly lists Toni as the "named insured" and Pierre as a "licensed driver" resident in the household. Pierre was never and did not intend to be a policyholder or a named insured.

In support of their additional argument that Pierre is somehow a policy holder or named insured for purposes of the instant coverage analysis, Defendants cite the language of the Prudential policy as follows:

> "**YOU** AND A RESIDENT RELATIVE ARE INSURED IF HIT BY AN UNDERINSURED MOTOR VEHICLE WHILE A PEDESTRIAN."
>
> **YOU OR YOUR** is defined by the policy as "**You or your** means the person shown as the named insured on the Declarations of this policy, and **YOUR** spouse, if he or she lives in **YOUR** household" (p. 2 of the Policy).

However, even a cursory review of the Declaration page demonstrates that Pierre was listed only as an additional licensed driver in the resident household. The Policy in question, 28 1A 122 105, a copy of which has been submitted, lists on the Declaration sheet, in relevant part, as follows:

**NAMED INSURED – ELIAS TONI ABDO**

**LICENSED OPERATOR RESIDENT IN YOUR HOUSEHOLD – ELIAS PIERRE**

Therefore, the Declaration sheet clearly denotes Toni Elias as the named insured and lists Pierre Elias, among others, only as a licensed operator resident in Toni's household. In this regard, there is no ambiguity in the instant contract.

In support of Defendants' argument that Pierre's status as an additional or insured driver somehow equates to the status of a "named insured" and/or policyholder, Defendants rely chiefly on the case of Taylor v. National Union Fire Insurance Company of Pittsburgh, 289 N.J. Super 593, 674 A.2d 634 (app. Div. 1996). However, Defendants' reliance on this case is misplaced. In Taylor, supra, an employee sued his employer's business auto insurer seeking underinsured motorist coverage for him for an accident he had with an underinsured tortfeasor while driving a car that the employer had provided for his personal use. The issue in that case was whether an employee who is provided with a car by his employer for his personal use as part of his compensation package and is named as an insured in the employer's policy covering that car is entitled to the policy's underinsured motorist coverage. Although Taylor has been effectively overruled, the Court determined that an employee, who was named as an insured under the policy was entitled to underinsured motorist benefits. However, in Taylor, it was undisputed that he was named as an insured in the policy. Mr. Taylor was not a "named insured" or a "policyholder" and that issue was not addressed in the Taylor decision. More importantly, that case did not deal with whether such coverage was or would be extended to Mr. Taylor's family members. Based on the foregoing, the Taylor decision has no applicability to the instant case and does not stand for the proposition, as Defendants maintain, that Pierre's status as an insured driver or additional licensed operator is equivalent to Toni's status as the policyholder or "named insured" on the declaration page.

This case is and remains one of contract interpretation and construction. A Court may not rewrite the terms of a policy or construe it in conflict with the accepted and plain meaning of the language used. Edelman v. State Farm Mutual Auto Insurance Co., 255 Pa. Super. 116, 123, 386

4

A.2d 535, 538 (1978) (citations omitted). Defendants may not avoid the application of a clear and unambiguous limitation clause in an insurance policy. See <u>Ostroff v. Keystone Insurance Co.</u>, 357 Pa. Super. 109, 515 A.2d 584, 591 (1986). Pierre Elias did not seek, request, nor purchase his own policy. The record evidence as established by Defendants own testimony demonstrates that Pierre was interested in insuring his vehicle either on his brother Aziz's policy or his brother Toni's policy. Certainly, if Pierre had purchased his own policy, and resided with his father, the decedent, he and/or his resident relatives may be entitled to the benefits for which they now seek. However, Defendants are not seeking coverage or a benefit for Pierre. In this instance, Toni Abdo Elias is the policyholder and the named insured, and the intended beneficiary is someone who all parties admit has never been a resident relative of the household of Toni Elias, the named insured and policyholder. As such, Pierre's residence is irrelevant for purposes of this coverage analysis. The policy provides a benefit to the named insured and/or a resident relative. The decedent did not live with the policyholder or named insured, Toni Abdo Elias, and accordingly, there is absolutely no contractual basis for any recovery in this action. This is undisputed. As such, Plaintiff, Prudential Property & Casualty Insurance Co. is entitled to summary judgment on its declaratory judgment claim against defendants under the policy of Toni Abdo Elias, Policy No. 281A122105.

II.  **CONCLUSION**

Based on the foregoing, Plaintiff, Prudential Property & Casualty Insurance Company respectfully requests that this Honorable Court grant its Motion for Summary Judgment and declare that the Defendants are not entitled to any coverage under the policy of Toni Abdo Elias, Policy No. 281A122105 as the decedent was not a resident relative of the household of Toni Abdo Elias, the policyholder.

                                              Respectfully submitted,

                                              MAYERS, MENNIES & SHERR, LLP

                BY: _____
                        RONALD H. SHERR, ESQUIRE
                        Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PRUDENTIAL PROPERTY & CASUALTY : <br> INSURANCE COMPANY : <br>   : <br>   vs. : <br>   : <br> ESTATE OF ABDO ELIAS, Deceased, : <br> TONI ABDO ELIAS, CHARBEL ELIAS, : <br> AZIZ ELIAS, PIERRE ELIAS and ADIBE : <br> ELIAS : | NO. 02-2610 |

**CERTIFICATION OF SERVICE**

    I, RONALD H. SHERR, ESQUIRE, hereby certify that on the 28th day of February, 2003, a true and correct copy of Plaintiff's Reply to Defendants' Supplemental Brief was served via first class regular mail, postage pre-paid, upon the following:

        **Richard J. Orloski, Esquire**

        Orloski, Hinga, Pandaleon & Orloski
        111 N. Cedar Crest Blvd.
        Allentown, PA 18104-4602

        **MAYERS, MENNIES & SHERR, LLP**

        BY: _____
             RONALD H. SHERR, ESQUIRE
             Attorney for Plaintiff

             3031 Walton Road, Building A, Suite 330
             P.O. Box 1547
             Blue Bell, PA 19422-0440
             (610) 825-0300
             Fax (610) 825-6555