# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2610 |
| | : | |
| ESTATE OF ABDO ELIAS, deceased, TONI ELIAS, CHARBEL ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM & ORDER

YOHN, J.                                                                                      JUNE ____, 2003

Plaintiff Prudential Property & Casualty Insurance Company ("Prudential") brings this action for declaratory relief against defendants, the estate of Abdo Elias and his survivors Toni Elias ("Toni"), Charbel Elias, Aziz Elias ("Aziz"), Pierre Elias ("Pierre"), and Adibe Elias.[1] Presently before the court is plaintiff's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff seeks a declarations that (1) defendants are entitled to $50,000 in underinsured motorist benefits, pursuant to the policy of Aziz Elias, number 281A112156; and (2) defendants are not entitled to any coverage under the policy of Toni Elias, number 281A122105, because decedent was not a resident relative of the household of Toni Elias. For the reasons set forth below, the plaintiff's motion for summary judgment will be granted and the declaratory judgment plaintiff seeks will be issued.

---

[1] Toni Elias, Charbel Elias, Aziz Elias and Pierre Elias are the decedent's surviving sons, and Adibe Elias is the decedent's surviving wife.

1

## BACKGROUND

The instant case involves the disbursement of underinsured motorist benefits from two Prudential automobile insurance policies. The dispute centers on the question of whether the estate of Abdo Elias, the decedent, is entitled to underinsured motorists benefits under the insurance policy of one of his sons, Toni Elias. The following facts are not in dispute.

The Elias family lived in and around Allentown, Pennsylvania. Abdo, the decedent, lived at 153 West Green Street in Allentown, Pennsylvania. Def.'s Brief in Oppos. to Pl.'s Mot. for Summ. Jdgmt. ¶ 4. He shared his home with his wife Adibe, his adult son Aziz, Aziz's wife and daughter and his adult son Pierre. Pl.'s Exh. 4, Depo. of Aziz Elias at 3-4; Pl.'s Exh. 5, Depo. of Pierre Elias at 4-5. Abdo's two other adult sons lived apart from him in separate residences. His son, Toni, lived at 210 South Sixth Street in Whitehall, Pennsylvania with his wife and two children. Pl.'s Exh. 6, Depo. of Toni Elias at 5-6. Abdo's fourth son, Charbel, lived elsewhere. At no time did Abdo or Pierre reside with Toni in his 210 South Sixth Street home. Pl.'s Exh. 6, Depo. of Toni Elias at 5-6.

There are two Prudential automobile insurance policies involved in the case. Under the first policy, Aziz is the named insured and is the only licensed operator listed on the policy.[2] Pl.'s Exh. 7, Aziz Elias' Insurance Policy. Under that policy, which covered a 1970 Buick Skylark, Aziz's address is listed as 153 West Green Street, Allentown, Pennsylvania. Id. The policy provided $50,000 in underinsured motorists benefits which would be payable to either Aziz or a resident relative if certain events occurred. Id. More specifically, Part 5 of the policy defined who was insured in the event of an accident; it provided: "**You** and a **resident relative** are insured if hit

---

[2]    Aziz's policy, number 281A112156, was in effect during the period November 13, 2000 to May 13, 2001.

by an underinsured **motor vehicle** while a pedestrian." Pl.'s Exh. 9, Coverage Descriptions (bolded terms indicated terms for which the policy provides a definition). "You or your means the person shown as the named insured on the Declarations of this policy, and your spouse if he or she lives in your household." Pl.'s Exh. 10, Definitions. The policy defines a "resident relative" as "someone who lives in [the named insured's] household and is related to [the named insured] by blood, marriage, adoption or is a ward or foster child." Pl.'s Exh. 10, Definitions. Because Abdo was related to Aziz by blood and lived in Aziz's household, there is no dispute that Abdo was a resident relative of Aziz, and thus, that his death was covered by Aziz's insurance policy. As such, Prudential, without argument, agreed to pay $50,000 in underinsured motorist benefits to the estate of Abdo after the accident.

The second policy, also insured by Prudential, names Toni Elias as the named insured.[3] Pl.'s Exh. 8, Toni Elias' Insurance Policy. The policy initially covered two vehicles, a 1997 Mitsubishi and a 1986 Nissan, and listed two individuals, Toni Elias and his wife Jenan Elias, as licensed operators. Id.; Pl.'s Exh. 6, Depo. of Toni Elias at 8-10. The policy provided $300,000 in underinsured motorists benefits which would be payable to either Toni or a resident relative if certain events occurred. Pl.'s Exh. 8, Toni Elias' Insurance Policy. The policy contained the same provisions regarding coverage and definitions that Aziz's policy did. Thus, the policy provided: "[the named insured] and a resident relative are insured if hit by an underinsured motor vehicle while a pedestrian." Pl.'s Exh. 9, Coverage Descriptions. As noted above, the term "you" meant the named insured and that person's spouse, and the term "resident relative" included "someone who lives in [the named insured's] household and is related to [the named insured] by blood,

---

[3] Toni's policy, number 281A122105, was in effect during the period November 22, 2000 to May 22, 2001.

3

marriage, adoption or is a ward or foster child." Pl.'s Exh. 10, Definitions.

In November of 2000, Toni added a vehicle and a driver to his policy. He added his brother Pierre as a licensed operator resident in the household, and also added Pierre's car, a 1987 Volkswagen. Pl.'s Exh. 6, Depo. of Toni Elias at 8-10; Pl.'s Exh. 8, Toni Elias' Insurance Policy. All policy provisions remained the same; the only changes were the addition of Pierre as a licensed operator, and the addition of his car. The alleged reason for placing Pierre on Toni's policy, rather than on Aziz's policy (which would seem more likely given that Pierre was living with Aziz at the 153 West Green Street address), was that the premium was cheaper with Toni because Aziz had a past accident on his record which adversely affected his policy rates. Pl.'s Exh. 4, Depo. of Aziz Elias at 11-12; Pl.'s Exh. 5, Depo. of Pierre Elias at 13, 17; Pl.'s Exh. 6, Depo. of Toni Elias at 9-10. There is no dispute that at the time of the change to the policy Pierre was residing with his parents and other family members at 153 West Green Street, and not with Toni. Pl.'s Exh. 6, Depo. of Toni Elias at 3. Nevertheless, the policy reflected that Pierre was residing at Toni's residence. Under the terms of the policy, Toni was not permitted to add Pierre to his policy if Pierre was not a resident in Toni's household. Def. Exh. B, Depo. of Nabeel Hanna at 44, 52-53; Def. Exh. C, Depo. of Najeeb Hanna at 11-12, 14-15.

On November 30, 2000, Abdo Elias, was fatally injured as a pedestrian when he was struck by an automobile in Allentown, Pennsylvania.[4] Def.'s Brief in Oppos. to Pl.'s's Mot. for Summ. Jdgmt. ¶ 1. Neither Pierre nor his 1987 Volkswagon was involved in the accident. After the death of Abdo, his family demanded coverage under both Aziz and Toni's policies and demanded

---

[4] The car that struck Abdo Elias was operated by Mervin Maldanado. At the time of the accident, Maldanado was insured by Progressive Insurance Company with bodily injury limits of $25,000. After the accident, Progressive paid $25,000 to the estate of Abdo Elias. That policy is not in issue here.

arbitration pursuant to the policies. In response to the family's efforts, Prudential paid $50,000 in underinsured motorist benefits, pursuant to Aziz's policy, to Aziz and the estate of Abdo but denied coverage under Toni's policy. Prudential has now filed this complaint seeking a declaratory judgment that defendants are not entitled to coverage under Toni's policy because the decedent was not a resident relative in Toni's household. Presently before the court is Prudential's motion for summary judgment based on the same argument.

## STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing law. *Id*. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather that party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a

5

summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex*, 477 U.S. at 325 (1986)). Further, the non-moving party has the burden of producing evidence to establish prima facie each element of its claim. *Celotex*, 477 U.S. at 322-23. If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Id.* at 322; *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir.1987).

## DISCUSSION

In its complaint, and its subsequent motion for summary judgment, plaintiff asserts that the estate of Abdo is not entitled to coverage under Toni's insurance policy. More precisely, plaintiff's argument is that Toni's policy covered only the named insured (Toni) and resident relatives living in Toni's household, that a resident relative was someone who lived in the named insured's household and was related to the named insured by blood, marriage, adoption or was a ward or foster child, that Abdo Elias was not residing in Toni's house and thus was not a resident relative, and therefore, that Toni's policy did not cover Abdo's death. In response, defendants assert two theories as to why the estate is entitled recover proceeds under Toni's policy. First, defendants contend that Pierre was a named insured by virtue of being listed on the declarations page of Toni's policy. Second, defendants contend that even if Pierre is not a named insured, that they are entitled to recover the proceeds from Toni's policy because the insurance agent made a mistake either by not listing Pierre's proper address on the declarations page or by not creating a new policy in Pierre's name. Neither contention is availing given the undisputed facts of this case and the principles governing the interpretation and construction of insurance contracts.[5]

---

[5] The court may properly hear and decide this motion. This court has subject matter jurisdiction over the matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because

I.

Initially, defendants contend that the estate is entitled to recover the proceeds under Toni's policy because Pierre was a named insured under that policy by virtue of being listed on the declarations page. The essence of this argument is as follows: Toni's policy provides a benefit only to the named insured and to resident relatives of the named insured. A resident relative is defined as someone who lives in the named insured's household and is related to the named insured by blood, marriage, adoption or is a ward or foster child. Pierre was a named insured on the policy by virtue of having his named listed on the declarations page under "Licensed Operator(s) Resident in [the Named Insured's] Household." Abdo was a resident relative of Pierre because they were related by blood and both lived in the house on 153 West Green Street. Thus, the estate of Abdo would be entitled to coverage under the policy because the decedent (Abdo) was a resident relative of a named insured (Pierre).

A review of the undisputed facts and guiding principles of contract interpretation demonstrate the absurdity of defendants' argument. Examination of an insurance policy begins with a review of the policy's express language. *Mellon Bank v. National Union Ins. Co.*, 768 A.2d 865, 869 (Pa. Super. Ct. 2001). "The law of Pennsylvania requires that an insurance policy be construed in accordance with its plain, common, and ordinary meaning." *Peerless Dyeing Inc. v. Industrial Risk Insurers, et al.*, 573 A.2d 541, 543 (Pa. Super. Ct. 1990). "When a word or phrase is specifically defined within the policy, that definition controls in determining the applicability of

---

neither party has raised any objections to venue or personal jurisdiction, both are considered proper.

As is always the practice in diversity cases, state substantive law applies. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Pennsylvania law is the appropriate law to apply in this case as the events occurred in Pennsylvania and there is no disagreement among the parties that Pennsylvania law is the substantive law to be applied.

the policy." *Id*. at 544 (citing *Great American Ins. Co. v. State Farm Mutual Auto Ins. Co.*, 194 A.2d 903 (1963)). The insurance policy's express language, construed in accordance with the plain, common and ordinary meaning of the terms used, conclusively shows defendants are not entitled to recover proceeds for Abdo's death under Toni's policy. *The declarations page clearly lists Toni as the "Named Insured;"* no other names are listed next to this title. Pl.'s Exh. 8, Toni Elias' Insurance Policy at 1. Pierre, along with Toni and Jenan Elias (Toni's wife), is listed merely as a "Licensed Operator(s) Resident in [the Named Insured's] Household." Pl.'s Exh. 8, Toni Elias' Insurance Policy at 1. At no place is Pierre listed as a "Named Insured."

Toni's policy provides a benefit only to the named insured and resident relatives of the named insured. Pl.'s Exh. 9, Coverage Descriptions. More precisely, the policy provides: "You and a resident relative are insured if hit by an underinsured motor vehicle while a pedestrian." Pl.'s Exh. 9, Coverage Descriptions. The policy specifically defines "you" to mean the "person shown as the named insured on the Declarations of this policy, and [his or her] spouse if he or she lives in [the named insured's] household," Pl.'s Exh. 10, Definitions, *i.e.*, Toni and his spouse. Keeping that definition in mind, the coverage statement is more accurately stated as follows: "[the named insured] and a resident relative [of the named insured] are insured if hit by an underinsured motor vehicle while a pedestrian." Pl.'s Exh. 9, Coverage Descriptions. As noted previously, a resident relative is defined as someone who lives in the named insured's household and is related to the named insured by blood, marriage, adoption or is a ward or foster child. Pl.'s Exh. 10, Definitions. As none of these policy provisions or definitions is in dispute, deciding the outcome of the motion is merely a matter of applying the policy's language to the undisputed facts. It is undisputed that the decedent, Abdo, lived at 153 West Green Street and that Toni lived in a separate house at 210 South Sixth Street. Def.'s Brief in Oppos. to Pl.'s Mot. for Summ. Jdgmt. ¶ 4; Pl.'s Exh. 4, Depo.

of Aziz Elias at 3-4; Pl.'s Exh. 5, Depo. of Pierre Elias at 4-5; Pl.'s Exh. 6, Depo. of Toni Elias at 5-6. It is undisputed that Toni was the named insured on the policy. Pl.'s Exh. 8, Toni Elias' Insurance Policy. It is undisputed that it was Abdo who was injured, and not Toni. As a result, a review of the undisputed facts shows that only one conclusion is possible: Abdo was not a resident relative of Toni at the time of the accident and thus, the defendants, and the estate of Abdo, are not entitled to coverage under Toni's policy.

Although the meaning of the policy is clear on its face, defendants nevertheless contend, without making an express accusation of ambiguity, that the insurance policy is susceptible to another interpretation. Under their interpretation, Pierre qualifies as a named insured under the policy because his name is present on the declarations page even though Toni is the only one designated as a "Named Insured" on the same page. Defendants, however, identify no case or principle from which the court could conclude that being named on the declarations page of a personal automobile insurance policy as a "licensed operator" makes one a named insured on that policy.[6] Nor did the court's independent research of this issue yield such a conclusion. Moreover,

---

[6] Defendants cite seven cases for the proposition that "[c]ourts have consistently held that being designated on the 'Declaration Page' makes you a named insured." Def.'s Supplemental Brief in Oppos. to Pl.'s Mot. for Summ. Jdgmt. at 3. The cases, however, are easily distinguished.
    Several of them concern commercial automobile insurance policies in which the corporation is listed as the named insured and individual employees are listed as designated drivers; the courts in these cases concluded that the designated driver employees were entitled to benefits under the policies. Given the different policy concerns governing commercial and personal insurance policies, these cases offer no guidance on the issue presently before the court, *i.e.*, whether an individual listed as a licensed operator on the declarations page of a personal insurance policy may be treated as a named insured.
    The defendants also cite *Stacey v. Nationwide Mut. Ins. Co.*, 709 N.E.2d 519 (Ohio Ct. App. 1998). In that case, the court had to determine whether the decedent's wife, who was not named anywhere on the policy was a named insured; in concluding that she was not a named insured, the court noted that the wife was not listed on the declarations page and that she was not the party who contracted with the insurance company for coverage. *Stacey v. Nationwide Mut. Ins. Co.*, 709 N.E.2d 519, 527 (Ohio Ct. App. 1998). Although the court seemed to place some weight

the policy's definition of the term "you" provides further support for the conclusion that the status of named insured is limited to the person who has their name listed after the term "Named Insured" on the declarations page, and to that person's spouse. Indeed, the inclusion of the spouse in this definition indicates the exclusion of others from the category of named insured. Finally, defendants failed to advise this court as to whether it is legal to place an individual with a different address on an already existing insurance policy, despite the court's express request for such research. Thus, without any other information, the court must rely on the plain text of the insurance policy, which in requiring that licensed operators reside in the household of the named insured would seem to prohibit this. Given the above considerations, defendants' contention that

---

on the fact that the wife's name was not listed on the declarations page, it seemed to be more narrowly concerned that her name was not listed in the same manner as her husband's, whose name was printed next to the title "Policyholder: (Named Insured)." *Id.* Moreover, the court in deciding that the wife was not a named insured relied on the fact that she was not the party who contracted with the insurance company for coverage, in addition to the fact that her name was not present on the declarations page. Thus, while this case may offer a scant indication that having one's name listed as the policy holder on the declarations page makes one a named insured, it is by no means a clear statement in support of the proposition that merely having one's name listed anywhere on the declarations page is sufficient to make one a named insured. Finally, it is also important to note that this case represents the opinion of an appellate court in Ohio, and thus is not particularly enlightening as to Pennsylvania law on the topic.

  Defendants also cite two Pennsylvania cases in support of their contention. Neither is enlightening. *Schweiss v. Pennsylvania Manufacturers' Association Ins. Co.*, 8 Pa. D. & C. 4th 610 (Pa. Ct. Comm. Pleas 1990) involved a commerical automobile insurance policy and thus is not relevant given the different policy concerns between commerical and personal insurance policies. The second case, *Utica Mut. Ins. Co. v. Contrisciane*, 473 A.2d 1005 (Pa. 1984) is not on point. The issue there was whether the decedent's estate should be permitted to stack the coverages provided under the decedent's father's insurance policy. The court did not hold, nor did it in any way imply, that being listed on the declarations page of a policy makes one a named insured. Rather, the court found that stacked coverage was permissible because the decedent was the son of the named insured and a member of the household of the named insured; if anything, this case may hurt defendants' contention.

  Although defendants attempt to create an inference from a plethora of cases, none of the cases cited provides a foundation upon which to support their contention that having one's name somewhere on the declarations page of a personal insurance policy makes one a named insured.

10

the Pierre qualifies as a named insured under the policy because his name is present on the declarations page must be rejected.

"Whether a particular loss is within the coverage of an insurance policy is a question of law, which may be decided on a motion for summary judgment in a declaratory judgment action." *Lebanon Coach Co. v. Carolina Casualty Ins.*, 675 A.2d 279, 283 (Pa. Super. Ct. 1996), *appeal denied*, 687 A.2d 378 (1997) (citations omitted). A review of the policy's express language and the undisputed facts demonstrates the fallacy of defendants' contention that Pierre should be considered the named insured on the policy by virtue of being listing on the declarations page. Thus, even viewing all reasonable inferences in favor of defendants as the non-moving party, the court concludes no genuine issue of material fact exists, and that plaintiff is entitled to judgment as a matter of law.

## II.

Defendants' alternative contention is that even if Pierre was not a named insured, that they are entitled to recover the proceeds from Toni's policy because it was the insurance agent and not Toni or Pierre who made a mistake as to type of coverage sought. They allege that the insurance agent made a mistake either by not listing Pierre's proper address on the declarations page of Toni's policy or by not creating a new policy in Pierre's name. Neither allegation is persuasive.

## A.

The allegation that the insurance agent erred by incorrectly listing Pierre's address assumes that it is legal to place an individual with a different address on an already existing insurance policy. As noted previously, defendants failed to address this issue even though asked. Thus, without any other information, the court must rely on the plain text of the insurance policy, which

in requiring that licensed operators reside in the household of the named insured would seem to prohibit this. In further support of the conclusion that placing an individual with a different address on an already existing insurance policy is not permitted is the testimony of the two insurance agents who handled Toni's policy. Both agents testified that they believed that Pierre was residing with Toni at the time of the addition, and that they would not have been able to place Pierre on Toni's policy unless he was a resident of Toni's household. Def. Exh. B, Depo. of Nabeel Hanna at 44, 45, 53, 55; Def. Exh. C, Depo. of Najeeb Hanna at 11-12, 15, 16. Based on the express language of the policy and the statements of the two insurance agents prohibiting the placing of an individual with a different address on an already existing policy, and given no contrary facts or law by the defendants, defendants' contention that the agent's error caused the lack of coverage for Abdo appears ill-conceived. It is not necessary, however, to resolve this issue in the context of the limited record before the court. Defendants have not raised the issue of a mistake by the insurance agent in their answer to the complaint. Nor does the record reflect whether the agent was an employee of the plaintiff or an independent agent for whose actions the plaintiff may not be responsible. These issues are not properly before the court and can be resolved in the separate suit counsel for the defendants has advised the court that defendants have filed against the agent in the Lehigh County Court of Common Pleas. Issues of mistake, negligence, misrepresentation or fraud by the agent can be resolved in that forum where they have been raised in the pleadings.

**B.**

Defendants' other allegation, *i.e.*, that the agent erred by not creating a new policy in Pierre's name, has also not been raised in the pleadings relating to this action and therefore fails. Moreover, it fails on the undisputed facts. From what the court can surmise, defendants seem to

12

argue that Prudential, by adding Pierre to Toni's insurance policy, in effect created and issued a separate insurance policy to Pierre where he would be the named insured.  From there, defendants apparently conclude that because the policy was issued to Pierre and because Abdo resided in the same house as Pierre, that Abdo was a resident relative of Pierre's policy and thus, was entitled to benefits under that policy.

     This argument, however, is untenable as there is no support in the undisputed facts for the contention that the addition of Pierre to Toni's policy was in fact the creation of a new policy in Pierre's name.  There is no indication that Pierre wanted to purchase or establish a policy in his own name.  Toni expressly states that Pierre did not intend to buy his own insurance policy because it would be too expensive; in his deposition, Toni stated:  "[b]ecause if [Pierre] want [sic] to get insurance by himself, its going to be expensive on his name."  Pl.'s Exh. 6, Depo. of Toni Elias at 8.  In addition, both Toni and Pierre state that the goal was to add Pierre as a licensed operator to Toni's already existing policy.  Pl.'s Exh. 5, Depo. of Pierre Elias at 12-14, 17; Pl.'s Exh. 6, Depo. of Toni Elias at 8-10.  The alleged reason for placing Pierre on Toni's policy, rather than on Aziz's policy (which would seem more likely given that Pierre was living with Aziz at the 153 West Green Street address), was that the premium was cheaper with Toni because Aziz had a past accident on his record which adversely affected his policy rates.  Pl.'s Exh. 4, Depo. of Aziz Elias at 11-12; Pl.'s Exh. 5, Depo. of Pierre Elias at 13, 17; Pl.'s Exh. 6, Depo. of Toni Elias at 9-10.  Both Toni and Pierre stated that the purpose of placing Pierre on Toni's policy, rather than Aziz's, was to save money.  Exh. 5, Depo. of Pierre Elias at 13, Pl.'s Exh. 6, Depo. of Toni Elias at 9-10.  In his deposition, Pierre, when asked why he chose to be placed on Pierre's policy, stated: "Aziz's insurance was too expensive.  Toni's insurance was cheaper."  Pl.'s Exh. 5, Depo. of Pierre Elias at 13.  Such reasoning is certainly not an indication that Pierre intended to create a

policy in his own name. Nor do any of the brothers give any indication that the purpose of Toni's call to the agent was actually to create a new insurance policy in Pierre's name. Toni placed the call to the insurance agent; Pierre never spoke to the agent. Pl.'s Exh. C, Depo. of Najeeb Hanna at 11. There is no evidence in the depositions of Najeeb or Nabeel Hanna from which the court could infer that they, as insurance agents, thought they were creating a separate policy for Pierre. Rather, both stated they were merely adding Pierre to Toni's already existing insurance policy. Def. Exh. B, Depo. of Nabeel Hanna at 36, 39; Def. Exh. C, Depo. of Najeeb Hanna at 11. Nor did defendants point to any evidence upon which the court could infer that Pierre intended that a policy be created in his name. Rather, as shown above, the undisputed facts indicate the contrary. Thus, the argument fails because it was not raised in the initial pleadings and because of the undisputed facts.

In sum, defendants' alternative contention that the insurance agent's error entitled them to the proceeds of Toni's policy also fails.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment will be granted and a declaratory judgment will be issued to the effect that (1) the decedent's estate is entitled to $50,000 in underinsured motorist benefits, pursuant to the policy of Aziz Elias, because the decedent was a resident relative in the household of Aziz Elias; and (2) the decedent's estate is *not* entitled to coverage under the policy of Toni Elias as written because the decedent was *not* a resident relative in the household of Toni Elias. Plaintiff is entitled to summary judgment on the basis of the policy as written. Whether the policy should have been written in a different manner and whether the insurance agent and/or plaintiff was at fault for not doing so are not issues raised in the pleadings here. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTATE OF ABDO ELIAS, deceased, TONI ELIAS, CHARLES ELIAS, AZIZ ELIAS, PIERRE ELIAS and ADIBE ELIAS,<br><br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION<br>:<br>:   NO. 02-2610<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

And now, this _____ day of June, 2003, upon consideration of the motion of plaintiff for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (Doc. 9); the defendants' response thereto (Docs. 10, 11); the plaintiff's reply thereto (Doc. 12); the defendants' supplemental brief (Doc. 16); and the plaintiff's reply thereto (Doc. 17), it is hereby ORDERED that plaintiff's motion for summary judgment is GRANTED and judgment is entered in favor of the plaintiff and against the defendants.

It is further DECLARED that:

1. Defendants are entitled to $50,000 in underinsured motorist benefits, pursuant to the policy of Aziz Elias, number 281A112156; and

2. Defendants are not entitled to any coverage under the policy of Toni Elias, number 281A122105, because decedent was not a resident relative of the household of Toni Elias.

16

3. This decision is without prejudice to the right of the defendants to bring an action against the insurance agent(s) involved in the dispute.

_____
William H. Yohn, Jr., Judge